9  185
f110 544

## EYRE v. COOK, *et al.*

1. EVIDENCE: BOOKS OF ACCOUNT.  The admissibility of a book of account in evidence, is a question to be determined by the court upon the preliminary proof required by the Statute, (Code section 2406;) the degree of credit to be given them, is a question for the jury, under the instructions of the court.

2. ADMISSIBILITY: CREDIBILITY.  Discrepancies between books offered in evidence, and between them and the plaintiff's bill of particulars, effects the credit to be given them by the jury, but does not render them inadmissable under section 2406, of the Code of 1851.

3. JOINT DEFENDANTS: JUDGMENT AGAINST ONE.  In a joint action against several defendants, judgment may be rendered in favor of the plaintiff against one of them alone, and also against the plaintiff, and in favor of the remaining defendants, for their costs expended.

4. APPEAL: CO-DEFENDANTS.  When but one of several defendants appeals, he cannot, in the appelate court, complain of the injury resulting to his co-defendants from a refusal of the court below to render judgment in their favor.

*Appeal from Henry District Court.*

SATURDAY, JUNE 25.

This was an action on account for labor alleged to have been performed by plaintiff for the defendant. Trial by the court and judgment for the plaintiff. The defendant, Cook, appeals, and assigns for error: *First*, the admission of plaintiff's books of account in evidence on the trial,—1, because it contained no charge against the defendants, the charges being against one of them, Nathan Cook, alone,—2, because one of the books did not contain the names of any of the

defendants as debtors,—3, because the books contained double charges, and varied as to dates and sums—appearing on inspection, fraudulent and dishonest: *Second*, that the court erred in rendering judgment against Nathan Cook, one of the defendants, in a demand against all of them.

*R. L. B. Clarke, George Doolittle,* and *William A. Cook,* for the appellants.

I. It is well settled that to render an account book evidence, it must present an aspect of fairness and honesty. Whether an account book is properly kept, or be such an one as can be legally submitted to the jury, coupled with the oath of the party, is a question of law to be decided in each case, on inspection by the court. Greenl. Ev., section 118, note; 3 Bouv. Inst., 453; 1 Smith's Lead. Cases 359; *Coggswell* v. *Dolliver*, 2 Mass., 217; 1 Halsted's Ev., 315.

II. This was a joint action against all the defendants, and judgment could not be rendered against one alone 1 Chitty Pl. 44; 1 Sanders, Pl. and Ev., 180; 3 Bouv. Inst. 156, section 2716; Voorhes' N. Y. Code, 298; 1 Cal. R. 177; *People* v. *Crane*; 8 Pr. Rep. 151.

No appearance for the appellee.

STOCKTON, J.—The argument made for the defendant against the plaintiff's books of account, might more properly have been made on the trial of the cause in the District Court, by way of objection to their credibility, than to their admissibility in evidence to prove the plaintiff's claim. The preliminary proof required by the statute was made; and where this is made, the book of accounts is receivable in evidence, subject to all just exceptions to its credibility. The admissibility of the books is a question for the court; the degree of credit to be given to them is a question for the jury, under the direction of the court. As the cause in this instance was tried by the court, both their admissibility and

credibility were to be determined by the court. If the day-book and journal did not agree with each other, nor with the bill of particulars filed in the action; if they differed in items, amounts and dates, such discrepancies would undoubtedly affect the credit of the book of accounts relied on to sustain the plaintiff's cause of action, but in our opinion, under the statute, would not amount to sufficient cause for its rejection altogether. The opinion of the court should have been taken in writing, on some legal proposition submitted to it, as to the degree of credibility to be attached to the books. As this was not done, there is no method in which this court can revise the decision of the District Court upon the facts. The error in its decision either upon the law or the facts, is not made apparent, and we cannot reverse the same.

The action was against several defendants, on an account for work and labor done; the judgment was against the defendant, Nathan Cook, alone, who appeals; and it is urged that as the action was joint against all the defendants, no judgment could be rendered against the defendant Cook alone, and in favor of the other defendants against the plaintiff. This was undoubtedly the rule of law previous to the adoption of the Code ; but by sec. 1815, it is provided, that "judgment may be rendered for or against one or more of several plaintiffs or defendants, or the court may determine the ultimate rights of the parties on each side as between themselves, and give judgment accordingly." We think it results conclusively from this provision of the statute, that if the plaintiff joins several persons as defendants in an action on account, but maintains his cause of action against one of the defendants alone, he may have judgment against that one, and judgment may be given for the other defendants against the plaintiffs, for their costs expended. It does not appear from the record whether or not the District Court allowed the set-off pleaded by the defendants. As the notes pleaded in set-off by defendants were admitted by plaintiff to be "just and correct," on the trial before the justice, it is claimed by the appellant that there should

have been judgment in favor of the original defendants against the plaintiff, for the amount of the notes. The obvious answer to this is the fact above stated, that it does not appear but what the notes were allowed by the court as set-off to the claim of the plaintiff against the defendant Cook. And as he is the only party appealing he cannot complain of any injury resulting to his co-defendants from the refusal of the court to render a judgment in their favor. We may suggest further that although the notes were admitted by the plaintiff to be "just and correct," he did not admit that they might be pleaded by the defendants as a just set-off to his claims against them. The notes do not appear to have been assigned or transferred in any manner to the defendants; and as they were not payable to bearer, the court might well have concluded that no title to them was shown by defendants, or either of them; and for this reason might have disallowed them altogether as a set-off to the claim of the plaintiff.

The defect in the case made by the defendant, is that it does not appear whether the District Court allowed the set-off, or any part of it, or not.

Judgment affirmed.