56 143<br>f110 544

## BOSWELL & TOBIN v. GATES ET AL.

1. **Practice:** ACTION OF TORT: JOINDER OF DEFENDANTS. In an action to recover for a tort, in which two are joined as defendants and it is alleged that the tort was committed by them jointly, the jury may find that it was committed by one defendant alone, and judgment may properly be rendered against him therefor.

### SATURDAY, APRIL 23.

*Appeal from Palo Alto Circuit Court.*

THIS action was brought before a justice of the peace. The plaintiffs aver that they are livery stable keepers; that as such they furnished to the defendants, L. S. Gates and wife, a team of horses to drive before a buggy to another county; that by reason of their careless and improper driving and treatment of the horses one of them was injured. They bring this action to recover damages in the sum of eighty dollars. There was a trial by jury and verdict against the defendant L. S. Gates, alone. Before judgment the defendant L. S. Gates moved to dismiss the action on the ground that a joint tort was averred and not proven. The motion was overruled, and therefore the defendant L. S. Gates, to test the correctness of the ruling, sued out from the Circuit Court a writ of error and the ruling was by the Circuit Court reversed. The plaintiffs appeal.

*George H. Carr*, for appellants.

*T. W. Harrison*, for appellee.

ADAMS, CH. J.—The question certified is in these words: "In a joint action of tort against two defendants, where the jury find in favor of one and against the other, is the plaintiff entitled to judgment against the one against whom the verdict was rendered?"

*1. PRACTICE: action of tort: joinder of defendants.*

The defendant insists that this question must be answered in the negative. He relies upon *Cogswell v. Murphy et al.*, 46 Iowa, 44; and *Barnes & Son v. Ennenga*, 53 Iowa, 497.

The former was an action brought against three defendants jointly for trespass and damage caused by their cattle. Against the defendants separate judgments were rendered on the ground that each was liable for a separate tort. It was held that this was error, Mr. Justice Seevers in rendering the opinion saying that the plaintiff was entitled to a joint judgment or nothing,

But the principle involved in that case is different from that involved in this. The court could not properly render separate judgments against the defendants for separate torts committed by each, nor was it for the court to make an election of one of the defendants and render a judgment against him. In the case at bar there was but one tort, and the only objection to the rendition of judgment against L. S. Gates is that it is averred that the tort was committed jointly by him and his wife, who is made co-defendant with him, which averment, so far as the joint character of the tort was concerned, was not proven.

It is true that in *Barnes & Son v. Ennenga et al.*, above cited, the writer of this opinion said in writing the opinion. in that case: "A joint tort having been averred it was incumbent upon the plantiffs to show a joint tort. If they failed, no judgment of any kind should have been rendered." An examination of the opinion, however, will show that this

was said upon a point not raised, and not necessary to the decision. As applied to a case like that of *Cosgwell v. Murphy*, above cited, the remark would be unobjectionable, but it is not to be approved as an unqualified proposition, and in no view can it be regarded as authority.

The rule undoubtedly is, that where a verdict for damages for tort is rendered against one defendant only, judgment may be rendered thereon, although other persons may have been joined as defendants under an averment that the tort was committed by all the defendants jointly. *Carrothers v- Van Hogan*, 2 G. Greene, 481.

The appellee, however, insists that no error of the court, if any, can be reviewed, because error is not properly assigned.

The error as we hold consisted in reversing the judgment of the justice of the peace in ruling upon the writ of error. This error, we think, is assigned as specifically as it may be.

In our opinion the judgment of the Circuit Court must be

REVERSED.