Cobb v. McElroy.

---

## COBB v. MCELROY.

Contracts: UNDERSTANDING OF PARTIES: CONSTRUCTION. Section 3652 of the Code, which provides that "when the terms of an agreement have been intended in a different sense by the parties to it, that sense is to prevail against either party in which he had reason to suppose the other understood it," applies to oral as well as to written contracts.

*Appeal from Louisa District Court.*—HON. J. K. JOHNSON, Judge.

FILED, FEBRUARY 12, 1890.

ACTION to recover an amount alleged to be due by virtue of a verbal agreement and on account. There was a trial by jury, and a verdict and judgment for defendant. The plaintiff appeals.

*R. Caldwell* and *L. A. Riley*, for appellant.

No appearance for appellee.

ROBINSON, J.—The amount involved in this case being less than one hundred dollars, the trial judge certified to this court certain questions of law for its determination.

I.   The first question we are required to consider is stated as follows: "Where action has been brought upon a parol contract, which contract is denied in the answer of defendant, is section 3652 of the Code applicable thereto?" The section named is as follows: "When the terms of an agreement have been intended in a different sense by the parties to it, that sense is to prevail against either party in which he had reason to suppose the other understood it." We think the question is open to objection, but, assuming that it is designed to refer only to cases where the terms of a verbal agreement have been intended in a different sense by the parties to it, it must be answered in the affirmative. Section 3652 does not distinguish between verbal and written agreements, but in letter is as applicable to one class as to the other. The terms of a verbal agreement may be disputed, and difficult to establish, but they are as much within the spirit of the statute as though written. The fact that they are denied would not affect the application of the statute. There is no ground for concluding that the general assembly designed it to apply only to agreements in writing.

II. ˙Other questions certified are not discussed by counsel, and need not be specially mentioned. Something is said in argument in regard to the correctness of an instruction given, as applied to two contracts alleged to have been pleaded, but that is a matter not presented by the questions certified, and for that reason it cannot be considered. The judgment of the district court is AFFIRMED.