ANNA PEARSE, Appellant, v. ALLEN BALM and ANNA BALM.

**Trial:** DEFENDANTS SEVERALLY SUED: BURDEN OF PROOF. In an action
1 against defendants severally the court in its discretion may allow separate trials or permit the action to proceed against all of them; and *if the latter course is adopted it will not relieve the* plaintiff from the burden of establishing his cause of action against each.

**Same:** JUDGMENT: NEW TRIAL. Where defendants are severally sued
2 under a contract of employment the court is expressly authorized by statute to render judgment against one or more on a general verdict, and to grant a new trial to those against whom the evidence is not sufficient to authorize judgment.

*Appeal from Lee District Court.*—HON. HENRY BANK, JR., Judge.

WEDNESDAY, OCTOBER 18, 1911.

UPON the return of the verdict, plaintiff moved for judgment thereon. The defendants filed separate motions for new trial. That of Abraham Balm was overruled, and the motion for judgment as to him sustained. The motions for new trial of Anna Balm and Allen Balm were sustained, and the motion for judgment overruled. The plaintiff appeals. *Affirmed.*

*W. L. Cooper* and *T. B. Snyder,* for appellant.

*John E. Craig,* for appellees.

LADD, J.—The petition was in two counts. The first alleged that plaintiff was employed by and worked for defendants at the agreed wage of $4 per week from August 20, 1899, until December 9, 1904. The second alleged the rendition of these services, and that their reasonable value was $4 per week. Payment of $53.92 was admitted, and judgment for that still owing prayed. The defendants joined in an answer, denying the allegations of the petition and pleading the statute of limitations. Only the issues raised on the first count were submitted to the jury, and it returned a verdict for "the plaintiff," and fixed "the amount of her recovery at the sum of $1,358.28." A remittitur of $15.28 was filed, and plaintiff moved for judgment on the verdict. Each defendant filed a separate motion for new trial, and based it on the ground that the verdict was without support in the evidence and errors alleged to have been committed by the court. The motion of Abraham Balm was overruled, and judgment on the verdict entered against him. The motions of Anna and Allen Balm were sustained, and as to them new trials granted.

This last ruling is the only one assigned as error; it being contended that, as the three Balms were made defendants in the petition and joined in one answer, and at no time suggested they were not jointly liable, it was too late to insist upon the seperate nonliability of any one of them after the issues had been determined by the jury. But they were sued severally, not jointly. The petition contained no allegation that they were members of a copartnership or association, nor that they were bound jointly by the contract. It was merely averred that they were

1. TRIAL: defendants severally sued: burden of proof.

farmers, cultivating different tracts of land and engaged generally in the pursuit of agriculture, and that they employed plaintiff as mentioned. The general denial put these allegations in issue, and, if the evidence failed to show that any of them had so employed her, necessarily as to that one plaintiff had failed to make out a case. It is true, as is argued, that the court might have allowed separate trials as to any of several defendants; but this was discretionary (section 3657, Code), and a proceeding against all of them did not relieve plaintiff from the burden of establishing the allegations of his petition against each of them. Nor can it be said that, joining in the general denial, they elected "to stand or fall together." This did no more than put in issue the several allegations of the petition.

Section 3773 of the Code expressly authorizes judgment against one or more defendants in such a case and an order that the action proceed against others. See, also, section 3774. And this rule obtains both in actions on contract and in tort. *Lull v. Anamosa National Bank*, 110 Iowa, 537; *Eyre v. Cook*, 9 Iowa, 185; *Boswell v. Gates*, 56 Iowa, 143. The jury might well have been directed to make separate findings for defendants; but, as this was not done, the court was authorized to remedy the oversight by granting a new trial to those against whom the evidence was insufficient. *Peterson v. Brackey*, 143 Iowa, 75, is not in point. *Affirmed.*

2. SAME: judgment: new trial.