LOUIS SHELBERG, Appellee, v. W. M. JONES, Appellant.

**PLEADING:  Relief Asked—Quantum of Proof Required—Fraud and Conspiracy.** The quantum of proof required is only such as is necessary to entitle plaintiff to the relief asked. So held where plaintiff pleaded (a) fraudulent representations and (b) conspiracy to defraud, and proved the former only.

**TRIAL:** Instructions—Ignoring Issues Not Met with Proof—Duty of Court. There is no occasion to instruct on an issue as to which there is no evidence. So held where plaintiff pleaded (a) false representations and (b) conspiracy to defraud, but introduced no evidence of a conspiracy.

**TRIAL:** Evidence Admissible for Limited Purpose—Necessity for Requested Instruction. When evidence is admissible for certain limited purposes only, he against whom the same is received must request an instruction so limiting or confining the jury in the consideration of such evidence, or the right will be waived.

**TRIAL:** Verdicts—Form—Several Defendants. In an action against several defendants, *held*, the omission to submit separate forms of verdicts for each defendant could not have been prejudicial.

*Appeal from Polk District Court.*—HON. CHAS. A. DUDLEY, Judge.

THURSDAY, APRIL 8, 1915.

ACTION at law to recover damages for alleged fraud in an exchange of lands. Trial to a jury, verdict and judgment for plaintiff, and the defendant Jones appeals.—*Affirmed.*

*Chester J. Eller,* for appellant.

*John Newburn, John McLennan* and *J. R. Price* for appellee.

WEAVER, J.—In his petition, plaintiff alleges that defendants conspired to deceive and defraud him in an exchange of 320 acres of land owned by him in the state of Minnesota for 160 acres of land in Missouri, and that they did in fact fraudulently and falsely represent the Missouri land as being found in the near vicinity of a certain town and having certain desirable improvements, to be all in cultivation and in blue grass pasture except about 50 acres of timber, when in truth and in fact it was located very much farther from town, had no improvements and was in no part cultivated or in blue grass. Plaintiff further states that he relied upon said false representations and was deceived and induced thereby to

make the exchange to his damage in a large sum, for which he asks judgment against all the defendants. The defendants deny all the charges of conspiracy and of false representations on their part. The defendant Jones, to whom the Minnesota land was conveyed, also pleads certain counterclaims; but as they do not figure materially in the appeal, we need not stop to state them specifically. At the close of plaintiff's testimony, the defendants moved for a directed verdict in their favor on the ground that plaintiff's case is grounded upon an alleged conspiracy and that no evidence of a conspiracy had been offered. The court overruled the motion to direct, but announced that the question or charge of conspiracy would not be submitted to the jury, and further held that the general allegations of the petition were broad enough to permit a recovery on the charge of fraud and false representations provided plaintiff should elect to amend the prayer of his petition to specifically ask a recovery on that ground. This the plaintiff consented to do and the trial proceeded to its close. The jury returned a general verdict against all of the defendants for $2,475, and, in answer to interrogatories, found specifically that each of the defendants, Jones, Price and Knepper, actively participated in the false representations by which the plaintiff had been misled to his injury. Defendants' motion for a new trial was denied and judgment entered on the verdict.

I. The appellant's first and principal argument is directed to the point that, the petition having charged a conspiracy and the trial court having held that no conspiracy had been proved, this was virtually an end of the case; or if the case was to proceed, it was the duty of the court in giving its instructions to specifically inform the jury that there was no evidence of a conspiracy.

1. Pleading:
relief asked:
quantum of
proof re-
quired: fraud
and con-
spiracy.

To affirm the first proposition would be to place entirely too great stress upon the allegation that defendants conspired together to defraud the plaintiff by false representations. The

actionable wrong, if any, is in the false representations, and not in the combination or conspiracy. If the false representations were made or participated in by the defendants acting together or in aid of one another, and that fact is alleged and proved, then the fact that plaintiff also charged that the wrong against him had been done in pursuance of a previously formed conspiracy and that he had failed to prove it was immaterial, and did not operate to prevent his recovery of a joint judgment against all of the defendants having a hand in the commission of the fraud. A plaintiff is not required to prove more of the matters alleged in his petition than is necessary to constitute. a cause of action. If, for example, he charges two or more persons with having wickedly conspired to commit an assault and battery upon him, and that in pursuance of such combination they did without cause beat and bruise him, and upon the trial he proves no more than that they did at a certain time and place wrongfully and unitedly commit an assault and battery upon his person, his right of recovery is perfect, even though he offer no word of testimony of the alleged prior conspiracy. Bearing this rule in mind, we may eliminate from the petition in this case every word thereof in reference to a conspiracy to defraud the plaintiff, and there is still left the clear and distinct allegation of facts, making a sufficient charge of false representations by the defendants upon which plaintiff relied to his injury. If then his proof supports such charge, he is entitled to recover. Even if the conspiracy had been proved, it would have added nothing whatever to the cause of action, though it might have made admissible in evidence certain matters which would not otherwise be competent.

All this we are inclined to think would have been equally true had the petition been allowed to stand in the form in which it was originally filed; but with the amendment made by permission of court, it is not open to doubt. There was no error in denying the motion for a directed verdict.

Nor do we find any error with respect to this feature of

the case in the court's charge to the jury. According to
appellant's contention, no evidence was introduced tending

2. TRIAL: in-
structions:
ignoring is-
sues not met
with proof:
duty of court.

to prove a conspiracy. In this the court
agreed with him, and announced that the issue
upon that allegation would not be submitted
to the jury. In framing its charge, the court
consistently instructed the jury that for plaintiff to recover
it must be found from the evidence that defendants did make
the alleged false representations, that they were made with
intent to deceive and mislead the plaintiff and did in fact
induce and mislead him into the conveyance of the Minnesota
land and that he was damaged thereby. It further instructed
in substance that, if any of the defendants were shown to
have made such false representations to plaintiff's injury,
then the defendant making them should be held liable for
the resulting damages, and that, if all united or acted together
in committing such wrong, then all were liable; and that the
burden of proof upon such issues was upon the plaintiff.
As no evidence had been admitted upon the subject of con-
spiracy, there was no occasion for saying anything to the
jury on that subject. It is true that in reciting to the jury
the substance of the pleadings the court (inadvertently doubt-
less) referred to the allegations that defendants conspired
together, but it would be very unreasonable to assume or hold
it possible that such bare recital could prejudicially affect
the defense. In each of the instructions which appellant has
seen fit to include in his abstract, the attention of the jury
was directed solely to the issue whether the alleged false
representations were made to the plaintiff's injury, and lia-
bility therefor was restricted to the defendants who made
them and to those aiding, abetting or uniting in the fraud.
The jury were sworn to observe the instructions and to re-
turn their verdict upon the evidence alone, and we may
presume that they did their duty in this respect. The special
findings are to the effect that each individual defendant did
take part and assist in defrauding the plaintiff by the alleged

false representations, and such being the case, it is immaterial, as we have before said, whether there was or was not a prior conspiracy to perpetuate the wrong.

II. Objection is made to the sufficiency of the evidence to sustain the verdict. Whether the representations were made as charged was a matter of dispute in the evidence and the verdict of the jury is conclusive upon us. That they were untrue in several very material respects has also strong support in the record. That defendants knew they were untrue, or, having no knowledge of the truth concerning them and no reasonable grounds for believing them to be true, made the statements for the purpose of inducing plaintiff to believe them and make the exchange of lands, are inferences which the jury could properly draw from the proved facts in the case. The verdict cannot, therefore, be set aside for want of evidence to sustain it.

III. The court instructed the jury that, in case it found the plaintiff entitled to recover, the damages in his favor would be the difference between the reasonable market value of the Missouri land as it in fact was at the time of the exchange and the reasonable market value it would have had if it had been as represented. Appellant concedes this to be the correct measure, but says the court erroneously permitted the plaintiff to show the market value of the Minnesota land. The testimony thus objected to was admissible at least upon some of the issues on the defendant's counterclaims. Being admissible for some purposes and no request being made to restrict its consideration by the jury, it is unnecessary for us to decide whether it was not also competent as tending to show the reasonableness of plaintiff's claim that he was led by defendants to believe the property he was getting in exchange was of substantial if not large value. We have already held that such testimony is admissible. *Vaupel v. Mulhall,* 141 Iowa 365.

3. TRIAL: evidence admissible for limited purpose: necessity for requested instruction.

IV. Complaint is made because the court required all

re'quests for instructions to the jury to be made before the arguments were begun. The ruling appears to be in strict accordance with the statute, Chapter 289, Laws of the 35th General Assembly. It may also be added that we are not informed how or in what manner the appellant suffered prejudice therefrom.

Criticism is offered upon the forms of verdict submitted to the jury because separate forms were not prepared as to each individual defendant. This is said to have a tendency

4. TRIAL: verdicts: form: several defendants.

to mislead the jury into the belief that the verdict must be returned against all defendants or none. Under the instructions given upon the subject of liability, both joint and individual, of the defendants, in case plaintiff was found entitled to a verdict, it would be an impeachment of the intelligence of the jurors to say they could have been confused upon this proposition. In any event, the objection loses its point when we recall that the jury in separate special findings found that each and all of the defendants had united in the wrongful act, and such being the case plaintiff was entitled to what he obtained, a joint judgment against all.

The foregoing discussion covers all the exceptions which we think require extended notice in this opinion. A careful examination of the record with relation to all of the exceptions taken by appellant reveals nothing requiring a reversal of the judgment below, and it is therefore—*Affirmed.*

DEEMER, C. J., EVANS and PRESTON, JJ., concur.