EVA FREEBY, Administratrix, Appellant, v. TOWN OF SIBLEY et al., Appellees.

TRIAL:   Instructions—Joint Negligent Wrongdoers.   In an action
1   against several alleged negligent wrongdoers, the court must, on request, either in the instructions or in the forms of verdict submitted, plainly tell the jury that it may find against one defendant and in favor of another, even though it be alleged that the negligence complained of was an omission or violation of a *joint* duty.   (See Sec. 3730, Code, 1897.)

TRIAL:   Instructions—When Requests are Timely.   The statutory
2   requirement that requests for instructions must be made *before* the arguments are commenced (Sec. 3705-a, Code Supp., 1913, now repealed), does not apply to an instruction which it is the duty of the court to give *without any request*, in order that the issues may be properly presented to the jury.   So held where, *after* argument, the court was requested to charge that

it might find against one of two alleged negligent wrongdoers and in favor of the other.

**PARTIES:** Defendants—Joinder—Tort. Principle recognized that any number of parties may be joined as defendants in an action for damages for a negligence which is alleged to have been an omission or violation of the *joint and common duty of all defendants*, and that a recovery may be had against some of the defendants and not necessarily against all the defendants.

**ACTIONS:** Nature and Form—Abolition of Forms—Tort and Negligence. Recovery depends upon what is *alleged* and *proven*, not upon the *name* which counsel may see fit to give to his action. So held where the trial court drew a distinction between an action for *tort*, and an action for *negligence*. (See Secs. 3426, 3639, Code, 1897.)

**TRIAL:** Instructions—Verdict-Urging Instructions. Verdict-urging instructions are objectionable which assume to tell the jury, as a reason why an agreement ought to be reached, that, if the case is retried, such retrial must be on the same pleadings and evidence as the present trial, and that a retrial would simply add to the burden of the successful party.

*Appeal from Osceola District Court.*—W. D. BOIES, Judge.

## MAY 20, 1918.

ACTION at law to recover damages for the death of plaintiff's intestate. Verdict and judgment for defendants, and plaintiff appeals.—*Reversed.*

*C. R. Metcalf,* for appellant.

*Clark & Dwinell,* for appellees.

WEAVER, J.—The defendant town owns and operates a municipal water and gas plant, of which, at the time here in question, the defendant Clayton was superintendent, and the deceased was an assistant or helper in the operation of said plant. On June 14, 1914, while in said employment in and about said business, the deceased came in contact with a rapidly revolving shaft, upon which his clothing or person was caught in such manner that he was drawn into

1. TRIAL: instructions: joint negligent wrongdoers.

the moving machinery and killed. The plaintiff, as the administratrix of the deceased, brings this action, joining therein, as codefendants, the town of Sibley and the superintendent Clayton, alleging in her petition that deceased came to his death by reason of the negligence of said defendants, and without contributory negligence on his part. It is charged that the plant and machinery were negligently constructed and maintained, thereby making the operation dangerous; that the pulleys provided for the belting employed in such operation were left unguarded, and had protruding bolt ends, which were not covered; and that they were not provided with belt shifters or otherwise protected, as provided by law. It is further alleged that deceased had been in said employment for only a short time, and was without experience in such work, as the defendants well knew; and, under the order or direction of the superintendent, he was placed alone in charge of the operation of the plant at night, and it was while in such service, and in the line of his duty, that he was drawn into the machinery and killed; and that such accident was occasioned by reason of the defective condition of the machinery and of its unguarded condition, of which complaint is made.

The defendants deny the several allegations of negligence contained in the petition, and, by way of affirmative defense, allege that deceased had full knowledge of the dangers attending the operation of the machinery, and was expressly warned against exposing himself to contact therewith and voluntarily assumed the risk arising from defendants' alleged negligence. They also allege that, after the decease of Freeby, the town entered into a settlement with plaintiff in her individual capacity, and paid her the sum of $150 in full of all her claims for damages on account of her husband's death.

On the trial, there was evidence tending to sustain the plaintiff's petition as to the alleged defective and dangerous and unguarded condition of the machinery. It was shown that, at the time the intestate was killed, he was attending

the operation of the plant alone, and no living witness undertakes to tell how the accident occurred. It appears that the principal shaft by which the machinery was operated was located some twelve feet above the floor, and carried several pulleys for belting. The means provided for getting up to the shaft to adjust the belting or to perform any other duty connected with the care of the machinery at that point was a ladder, with curved ends or hangers at the top. When used for this purpose, the ladder was kept in position by hanging the hooks at the top over the shaft, the bottom of the ladder resting on the floor. When discovered, Freeby's dead body lay on the floor under the shaft near the foot of the ladder, which was hooked over the shaft in the usual way. His right arm was torn off, left arm broken, and skull crushed, and the severed hand was found wedged into one of the pulleys at the shaft; but the exact manner of the accident is not clearly shown.

As it is not questioned that the case made was one for the jury, we shall not extend this opinion for any review of the testimony, but give attention to one or two propositions which appear decisive of the appeal.

I. In its charge to the jury, the trial court nowhere instructed that, to entitle plaintiff to recover, it was not necessary to find both defendants negligent, as charged, or that, if the evidence was found to justify it, the jury could find in her favor against either defendant alone. On the contrary, wherever the charge stated the issues, or referred to the contending parties and the rules governing their respective rights in the case, the defendants were, in each instance, spoken of jointly, or in the plural form; and nowhere is there any intimation of their several or individual liability. At the close of the arguments, and after the court's charge had been prepared, but before it had been given to the jury, plaintiff's counsel asked the court to submit with its charge a form of verdict to be used in case the jury should find against one defendant alone, and to inform the jury that such a verdict was allowable. The court re-

fused the request, and submitted to the jury but two forms of verdict, as follows:

"VERDICT No. 1.

"We, the jury, find for the plaintiff, Mrs. Eva Freeby, as administratrix of the estate of William H. Freeby, deceased, and assess the amount of her recovery against the defendants, at $. . . . . . . . . . . . .

"_____"

Foreman.

"VERDICT No. 2.

"We, the jury, find for the defendants.

"Signed ————————"

Foreman.

The only reason assigned by the court, at the time, for its refusal of the request, was that it was made after the arguments had been concluded and the instructions prepared, and not before argument, as provided by statute. Error is assigned by appellant upon this ruling.

The statute, as it existed at the time of the trial below (Section 3705-a, Code Supplement, 1913), provided that all requests for·instructions should be presented to the judge before argument to the jury, and before the reading of the charge to the jury. It also provided that the judge, before reading his charge to the jury, should present it to counsel on either side, and give reasonable time for its examination, and that, this being done, all objections thereto must be made and exceptions thereto taken before the charge was read to the jury. It was not provided that the court should have its charge prepared and completed before counsel's argument to the jury was begun, nor was it required that counsel should assume to offer objection or take exception to the charge until it was completed by the court; and this may be, and in ordinary practice is, not complete much before the arguments for counsel are closed. It seems quite clear, therefore, that objections and exceptions to the charge

2. TRIAL: instructions: when requests are timely.

are in time if taken before the reading of the charge to the jury. Nor can we think that the requirement that requests for instructions be made before argument begins, contemplates that counsel must in this way anticipate any omission by the court to give those instructions which it is its duty to give without request. *Overhouser v. American Cereal Co.*, 128 Iowa 580; *Brick v. Bosworth*, 162 Mass. 334; *Ela v. Cockshott*, 119 Mass. 416; *People v. Demasters*, 105 Cal. 669; *Crippen v. Hope*, 38 Mich. 344; *Carey v. Chicago, M. & St. P. R. Co.*, 61 Wis. 71. If, then, when the charge is prepared, counsel discover therein an omission or failure to charge upon a matter which is fundamental in the case or necessary to a proper statement or explanation of the issues to the jury, we see no reason why counsel may not then, before the charge is submitted to the jury, call attention to such matter and take exception thereto, or ask that the rule be properly given. In our judgment, a jury of ordinary laymen, reading the charge as given by the court in this case, could hardly avoid the conclusion therefrom that plaintiff must recover against both defendants or against neither. Indeed, such appears to have been the theory of the defense on the trial below, and such is the logical effect of the argument which it presents here. For example, counsel say:

"Then, if it is true that Clayton was the superintendent, or the person in charge, and that the same duty and liability rests upon the owner and superintendent alike, then, if one defendant in this case is liable, the other must be, also. We do not mean to contend that plaintiff was bound to bring her action against both defendants, but having brought it against both, alleging their joint liability throughout her pleading, and introducing all testimony and arguing the case to the jury under that theory, the court was justified in instructing the jury as it did.".

That this is a radically wrong theory of the law is hardly open to question. Nothing is better settled than that any number of parties may be joined as defendants, all

charged with negligence or other tort pro-
3. PARTIES:     ducing a certain alleged injury to the dam-
defendants:
joinder: tort.     age of plaintiff, and recovery may be had
against any one of them; and this is none
the less true where the plaintiff charges that the negligence
or wrong complained of was an omission or violation of a
joint or common duty, which was incumbent upon all de-
fendants alike. Such is the general rule of the precedents
generally, and of our statute. *Atlantic & P. R. Co. v. Laird,*
164 U. S. 393 (41 L. Ed. 485); *Sessions v. Johnson,* 95 U. S.
347 (24 L. Ed. 596); Code of 1897, Sections 3639, 3774;
*Lull v. Anamosa Nat. Bank,* 110 Iowa 537; *Boswell & Tobin
v. Gates,* 56 Iowa 143; *Carothers v. Van Hagan,* 2 G. Greene
481; *McCann v. Clark,* 166 Iowa 705, 714; *Young v. Gormley,*
119 Iowa 546, 548. In the light of this established principle
we are to read Code Section 3730, which provides that:

"Where there are several plaintiffs or defendants,
whether the pleadings be joint or several, the verdicts shall
be moulded according to the facts and to suit the exigencies
of the case."

Now the universal practice in this state has been and is
that, in submitting a case to the jury, the trial court sub-
mits with its charge forms of verdict adapted to the va-
rious findings which the jury may permissibly or properly re-
turn, under the issues which have been tried, and directs
the jury's attention thereto. While the statute does not
specifically direct that this shall be done, we think it is fair-
ly implied in the section last above quoted. It is also well
settled that, although there be no request made by counsel
for instructions, it is still the duty of the court to so charge
the jurors concerning the law of the case that they shall
have clear and intelligent comprehension of what they are
to decide. *Owen v. Owen,* 22 Iowa 270; *State v. Brainard,*
25 Iowa 572; *Seekel v. Norman,* 71 Iowa 264; *Overhouser v.
American Cereal Co.,* 128 Iowa 580; *Capital City B. & P.
Co. v. City of Des Moines,* 136 Iowa 243. But even if it
should be conceded that this rule does not require, in every

case, the submission of forms of verdict, it certainly does require, in the absence of such forms, clear and specific directions as to the various findings which are allowable in the case being tried, and such information as will enable the jury to frame its own verdict. Still more obvious is the justice of the proposition that, when the court does assume to submit forms of verdict to the jury, it should not omit therefrom any one or more of the verdicts which may properly be returned upon any of the issues. The effect of such omission, unless obviated by the specific and unmistakable terms of the charge itself, must necessarily be quite misleading. In this case, as we have seen, the court did submit forms of verdict, but only such as would fit a finding for plaintiff against both defendants, or for both defendants against the plaintiff; and the charge nowhere informs or suggests to the jury that it could find for the plaintiff against one of the codefendants individually. When this omission was discovered by counsel for plaintiff, before the charge was read to the jury, he could rightfully interpose an objection thereto; and in our judgment, the court, having its attention called to the error before submission, should have corrected it. Appellee cites the opinion of this court in *Shelberg v. Jones,* 170 Iowa 19, as holding that such an omission is not necessarily prejudicial to the opposing party; but the precedent tends rather to support the view we have here expressed than otherwise. We there overruled the exception taken to the failure of the court to submit a form of verdict as to each individual defendant, for the very sufficient reason that, as shown in the opinion, the court had, in fact, not only given instructions upon the subject of "liability, both joint and individual, of the defendants, in case plaintiff was entitled to a verdict," but the jury did, in fact, also return a special finding "that each and all of the defendants had united in the wrongful act."

That the court and counsel for appellees both misconceived the true rule applicable to cases of this kind is made still more apparent by reference to the language used by the

trial judge in overruling plaintiff's motion
for a new trial, and adopted by counsel in
argument to this court. Giving reasons for
its ruling, the court said:

**4. ACTIONS: nature and form: abolition of forms: tort and negligence.**

"Counsel for plaintiff bases his contention for a new trial primarily upon the idea that this action is on a tort, and not on negligence. It will be noticed from the reading of the petition that the matter of tort is not suggested; it is an action against the defendants jointly for joint negligence. That is repeated in every instance of the petition. The case was tried as one in negligence; was argued to the jury as one in negligence; and the question of tort was not suggested to the court until after the arguments were concluded, and the plaintiff asked certain other form or forms of verdicts to be submitted to the jury. It seems to me that, where the petition is drawn in the form it is,—this one before me,—that the court has the right, and it is the duty of the court, to instruct upon the case made by the pleadings and the manner in which this case is presented by the petition and tried. I think the court was justified in giving the instructions it did. It seems to me, when you come to read the petition, and note the broad field it covers, there should be an instruction at least reasonably in view of the case as pleaded and the case as tried. I do not believe a party can adopt the theory of joint negligence, as was done in this petition, and then complain that the defendants were not jointly liable, and at the end of the trial, turn it into a tort action, and base the objection thereon."

Passing the obvious objection to this reasoning, that forms of action are no longer observed in this state (Code Sections 3426 and 3639), and that, when the plaintiff has made a plain statement of facts, he may recover as damages thereon whatever the law may allow, either for breach of contract or tort (*Lee v. Coon Rapids Bank,* 166 Iowa 242, 248), it may be added that the distinction sought to be drawn between an action based upon an alleged negligence and one based on tort, is one which does not exist. The word

"tort," as used in law, is of broader and more comprehensive meaning than negligence, but it includes negligence. See Cooley on Torts (3d Ed.), 3 *et seq.,* and authorities collated in 38 Cyc. 415 and note. Perhaps as complete a definition of tort as can be compressed into few words is given in the Standard Dictionary (1896 Ed.), as follows:

"Any wrongful act, neglect, or fault whereby legal damage is caused to the person or property or reputation of another."

Negligence involves the element of a breach of duty, and this is a legal wrong, a tort. It follows, therefore, of necessity that, in drawing a distinction between an action in tort and an action to recover damages for negligence, and thus excluding the idea of plaintiff's right to recover against either of the individual defendants, the court erred, to her prejudice.

II. The jury, having considered the case for a considerable period without coming to an agreement, were recalled into court, and, after some interrogation, were returned to the jury room, with an additional instruction, as follows:

5. TRIAL: instructions: verdict-urging instructions.

"It is important that you agree upon a verdict in this case, if you can satisfy your minds as to the rights of the case between the parties. This case must be determined by some jury; it must be determined upon the same pleadings and evidence; a disagreement will simply add to the burden of the successful party. It is the duty of each juror to lay aside all pride of judgment, and carefully review the ground of his opinion; the case has been exhaustively tried; a new trial will entail a large expense. You may again retire for deliberation, and try and arrive at a verdict that you may deem fair and just."

Exception is taken by appellant to this instruction, in that it misdirects the jurors, and suggests improper reasons or inducements for them to reach an agreement. The state-

ment that, in case of a retrial, the suit must be tried on the same pleadings and evidence, and that a disagreement would simply add to the burden of the successful party, is challenged by the appellant, and we are inclined to the view that the objection is well taken. Were the record without other material error, we might not reverse on this ground alone; but, in view of the fact that a retrial must be had on other exceptions, we mention this so that the objection may be avoided in the further trial of the case. On another trial, the issues may or may not be identical with those presented on the first hearing, and the evidence then offered may or may not be the same which the jury then had before it. It may be added that the suggestion that a new trial would add to the burden of the successful party could be true only on the theory that the same party proves successful on both trials, and this is a result which ought not to be taken for granted.

Some other objections argued might be of material character had they been properly preserved in the record, but they have not been so presented as to call for consideration or decision.

For the reasons stated, the judgment below is reversed, and cause remanded for new trial.—*Reversed and remanded.*

PRESTON, C. J., GAYNOR and STEVENS, JJ., concur.