ROSE MCDONALD, Appellee, v. F. W. ROBINSON, Appellant, et al.
No. 38557.

APRIL 5, 1928.

OPINION ON REHEARING APRIL 2, 1929.

1294

*C. C. Putnam*, for appellant.

*Don Barnes*, for appellee.

STEVENS, J.—I. The injuries of which appellee complains were received by her near the northwest corner of the intersection of Fourth Street and Avenue G· in the city of Cedar Rapids, and occurred in the following manner: Avenue G lies east and west, and Fourth Street north and south. Appellant Robinson was driving his car westerly along the north side of Avenue G, and Max Padzensky, the son of Dave, who owned the car, was driving his car northerly along the center line of Fourth Street. When near the center of the intersection, the automobiles collided, and as a result, became interlocked. They were thrown out of their course toward the northwest of the intersection. The Padzensky car struck appellee near the corner of the curbing, knocked her down, and she was dragged under the car until it was stopped, 56 feet farther north. After proceeding northward from the corner of the curbing, the cars became separated, and the Robinson car was stopped on the opposite side of the street. Her injuries were serious, and, she claims, permanent. The petition alleged that each car was being negligently driven, and that the injury resulted from the concurrent negligence of the two drivers.

The chief ground of error alleged by appellant—to wit, that there is a misjoinder of causes of action and of parties—was raised at every step of the proceeding and in every way known to the profession. All, of course, concede that joint tort-feasors, properly so defined, may be sued jointly, and a joint judgment recovered against them. The point of divergence has its origin in other propositions, on which the courts are somewhat divided.

It has been held in a few jurisdictions that, if the plaintiff allege a joint liability, he must sustain the allegation by proof,

or fail. *Livesay v. First Nat. Bank*, 36 Colo. 526 (86 Pac. 102) ; *Wiest v. Electric Traction Co.*, 200 Pa. St. 148 (49 Atl. 891). This rule was announced by this court in an early decision (*Barnes & Son v. Ennenga*, 53 Iowa 497), but was later disapproved. *Boswell & Tobin v. Gates*, 56 Iowa 143; *Yocum v. Husted*, 185 Iowa 119; *State v. McAninch*, 172 Iowa 96. This court has adopted the rule generally recognized by the authorities, and now holds that recovery against joint tort-feasors may be either joint or several. The real point of controversy between counsel, when carefully analyzed, is as to what wrongful or tortious acts are necessary, to render two or more persons joint tort-feasors. A common intent, purpose, and design on the part of the wrongdoers to do a particular wrong or injury,—as, for example, where a conspiracy is charged,—is not always essential. There is a large class of cases in which joint liability may exist, from which the element of intent and unity of design and purpose is wholly absent. If the acts of two or more persons concur in contributing to and causing an accident, and but for such concurrence the accident would not have happened, the injured person may sue the actors jointly or severally, and recover against one or all, according to the proven or admitted facts of the case. *Boswell & Tobin v. Gates*, 56 Iowa 143; *Lull v. Anamosa Nat. Bank*, 110 Iowa 537; *McCann v. Clark*, 166 Iowa 705; *Yocum v. Husted*, 185 Iowa 119; *Jahr v. Steffen*, 187 Iowa 168; *Dickson v. Young*, 202 Iowa 378.

This rule has the support of the great weight of authority, as a careful reading of the following decisions from other jurisdictions will disclose: *Sweet v. Perkins*, 196 N. Y. 482 (90 N. E. 50) ; *Fraser v. Flanders*, 248 Mass. 62 (142 N. E. 836) ; *Feneff v. Boston & M. Railroad*, 196 Mass. 575 (82 N. E. 705) ; *Consolidated Ice M. Co. v. Keifer*, 134 Ill. 481 (25 N. E. 799) ; *Starcher v. South Penn Oil Co.*, 81 W. Va. 587 (95 S. E. 28) ; *Avery v. Wallace,* 98 Okla. 155 (224 Pac. 515) ; *Howard v. Union Traction Co.*, 195 Pa. St. 391 (45 Atl. 1076) ; *Cleveland, C. C. & St. L. R. Co. v. Hilligoss*, 171 Ind. 417 (86 N. E. 485) ; *McGregor v. Reid, Murdoch & Co.*, 178 Ill. 464 (53 N. E. 323) ; *Swayzee v. City of Augusta*, 113 Kan. 658 (216 Pac. 265) ; *Johnson v. Missouri Pac. R. Co.*, 167 Ark. 660 (269 S. W. 67) ; *West v. Jaloff*, 113 Ore. 184 (232 Pac. 642) ; *Smith v. Yellow Cab Co.*, 285 Pa. St. 229 (132 Atl. 124) ; *Tobin v. City of Seattle*,

127 Wash. 664 (221 Pac. 583) ; *Koehn v. City of Hastings*, 114 Neb. 106 (206 N. W. 19) ; *Gooch v. Georgia Marble Co.*, 151 Ga. 462 (107 S. E. 47) ; *Weinberg Co. v. Bixby*, 185 Cal. 87 (196 Pac. 25) ; *Klauder v. McGrath*, 35 Pa. St. 128. Elaboration of this doctrine, in the light of the foregoing cases, is unnecessary.

Our attention is called by appellant to a few decisions of this court and of other jurisdictions, which, it is claimed, announce a different rule. The apparent conflict in nearly all of the cases which are referred to, and which will be presently cited, really disappears when the facts upon which the respective decisions are rested are carefully analyzed. There is also present in the discussion of the cases relied upon the not infrequent divergent views of the writers of the individual opinions as to what constitutes concurring acts which cause an injury to an innocent person, for which liability may be shown. Among the decisions of this court cited by counsel are *Harley v. Merrill Brick Co.*, 83 Iowa 73 ; *Loughran v. City of Des Moines*, 72 Iowa 382 ; *Bowman v. Humphrey*, 132 Iowa 234.

In each of the cited cases, the acts charged were wholly independent of each other, and without concurrence or concert. They each deal with alleged nuisances. While this may not be a distinct basis for differentiation in the rule, it does somewhat illustrate the distinction between the doctrine of the cases relied upon by appellant and those holding to the rule of joint and several liability, previously referred to. Nuisance cases have apparently been given a separate classification. To like effect, and as illustrative of the distinction, are the following decisions from other jurisdictions: *Brose v. Twin Falls Land & Water Co.*, 24 Ida. 266 (133 Pac. 673) ; *Bonte v. Postel*, 109 Ky. 64 (51 L. R. A. 187) ; *Howard v. Union Traction Co.*; supra; *Little Schuylkill Navigation, R. & C. Co. v. Richards's Admr.*, 57 Pa. St. 142 (98 Am. Dec. 209) ; *Miller v. Highland Ditch Co.*, 87 Cal. 430 (25 Pac. 550) ; *Verheyen v. Dewey*, 27 Ida. 1 (146 Pac. 1116) ; *Watson v. Pyramid Oil Co.*, 198 Ky. 135 (248 S. E. 227) ; *Sellick v. Hall*, 47 Conn. 260.

The question here to be decided is, Was there such concurrence of negligent acts on the part of appellant and Max Padzensky which united and concurred to produce the injury complained of, as to render them jointly or severally liable? We think there was. The jury may well have found that both

defendants were negligent, and it must have found that, but for the concurrence of such negligence, the injury to appellee could not possibly have happened.

It was said by the New York Court of Appeals in *Sweet v. Perkins*, 196 N. Y. 482 (90 N. E. 50), that:

"Where concurrence in causes is charged, the test is, simply, could the accident have happened without their co-operation?"

The injury in this case was indivisible. There was no possible way by which it could be said that the negligence of one or of the other of the defendants was the sole or proximate cause thereof.

It is quite strenuously urged by appellant that numerous decisions of this court, in addition to those already referred to, sustain his contention. The first case referred to is *Ramsey v. Cedar Rapids & M. C. R. Co.*, 135 Iowa 329. It must be confessed that the discussion in the opinion in this case is somewhat inaccurate, and possibly misleading. The conclusion reached is apparently sound. The petition in the *Ramsey* case contained general allegations of joint negligence, but, as stated in the opinion, these allegations were controlled by the averment of specific acts of negligence which followed. The court further declared that the specific acts charged were of such a character as to forbid any idea of joinder, except on the theory that the accident was brought about willfully, and as the result of concerted action. Continuing, the court said: " * * * no such accusation was suggested in pleading or evidence."

Neither *Heisler v. Heisler*, 151 Iowa 503, nor *Moore v. Fryman*, 154 Iowa 534, is in point, or in any particular inconsistent with the rule already announced.

In *Tackaberry Co. v. Sioux City Service Co.*, 154 Iowa 358, the rule of joint liability is recognized. This case falls within the rule applicable to cases of nuisance by the pollution of streams or the obstruction of the same, or the creation of smoke or foul-smelling gases.

The implication sought to be drawn by appellant from *Daggy v. Miller*, 180 Iowa 1146, is far-fetched. This case not only announced, but followed, the rule applicable to the present controversy. If there is any language in *Dickson v. Yates*, 194 Iowa 910, apparently in conflict with the holding announced

in this case, it must be remembered that the court was there considering a case in which conspiracy—an intentional tort—was involved.

The conclusion reached in the court below, that the accident was caused solely by reason of the combined and concurrent negligence of the appellants Robinson and Max Padzensky, and that, but for such combined and concurrent negligent acts, the injury would not have happened, cannot be avoided.

II. Many other rulings of the court, including exceptions to numerous paragraphs of the court's charge to the jury, are assigned as error, and relied upon for reversal. Most of the propositions thus urged are disposed of by what has already been said. An opinion was previously filed in this case, and a rehearing granted. For former opinion, see *McDonald v. Robinson*, 218 N. W. 625. In the former opinion, we held that the admission of the testimony of certain witnesses to statements made by Max Padzensky, the driver of the car which struck appellee, to the effect that he had either to collide with her or with a tree near by, was reversible error. According to the testimony of one of the witnesses, Max Padzensky said:

"I could hit the tree or hit her. If I hit the tree, might kill myself, and if I hit her, might knock her out of the way."

The theory, of course, upon which this testimony was objected to by appellant was that there was a misjoinder of parties and of causes of action, and that it was in no respect binding upon them, and could not be received for the purpose of proving a joint tort.

Upon a careful reconsideration of the question presented, we have reached a different conclusion. In the first place, the evidence was clearly not prejudicial to appellant Robinson. Instead of inculpating, its full force was to exonerate him from blame. It tended to prove that appellee was voluntarily struck by the driver of the Padzensky car, in order that he might avoid serious or fatal injury to himself. The mere statement of the rule of joint and several liability of two or more joint wrongdoers carries its own refutation of the contention of appellant. Appellee was not bound to prove a joint wrong, in order to recover separately against a particular defendant. She was en-

titled, under the doctrine of joint and several liability, to prove her case against each, as well as both. To do this, she had a right to prove what each did or said, as affecting his joint liability. The court in its instructions fully protected the appellants. The jury was told that the alleged statements, if any were made by Max Padzensky, were in no respect binding upon the appellant. The jury could not have been in any way misled or prejudiced against the appellant Robinson because of the admission of this testimony.

III. The court admitted certain incompetent testimony of expert medical witnesses, which was subsequently withdrawn. In this connection, and in the court's charge to the jury, the jury was admonished to disregard this testimony and give it no consideration or weight. The testimony was not inherently prejudicial in character, but the witness was incompetent to testify on the point. We are satisfied that the error was without prejudice.

Dr. Ladd, who was appellee's attending physician, was permitted to answer hypothetical questions. These questions were propounded after he had described the injuries to appellee. It is urged that the admission of this testimony was error. To sustain this contention, counsel cites *Watson v. Boone Elec. Co.*, 163 Iowa 316. The portion of the opinion in that case upon which appellant relies was a part of the discussion, and, at most, a mere suggestion of possible error. While the exact point was not raised, similar testimony was held proper in *Miller v. Harrison County*, 171 Iowa 270.

Complaint is also made of the court's statement of the issues to the jury. The statement included practically all of the allegations of the petition and answer. This method of submitting the issues to the jury has often been criticized, but a careful reading of the pleadings in this case shows that they were carefully and clearly phrased, and without the inclusion of excessive verbiage or the recital of unnecessary ultimate facts. The instructions which followed were singularly clear and explicit, and it is difficult to perceive how the jury could have been in any way prejudiced or misled by the method adopted for submitting the issues.

The complaint that issues wholly without support in the evidence were submitted to the jury is without merit. There was evidence tending to sustain the allegations of the petition. Whether sufficient or not to do so, was for the jury to determine; and, under the instructions given, there is no reason to believe that appellant was not given a fair trial.

Other alleged erroneous rulings of the court are assigned by counsel, many of which are not referred to in argument. We have examined and considered each and all of them, and have discussed each of the propositions relied upon which merits particular consideration. We find no reversible error in the record, and the judgment of the court below is—*Affirmed.*

ALBERT, C. J., and EVANS, FAVILLE, MORLING, KINDIG, and WAGNER, JJ., concur.