COBB, BATES AND YERXA COMPANY *vs.* WILLIAM HILLS, JR.

Suffolk.        January 2, 1911. — March 3, 1911.

Present: KNOWLTON, C. J., LORING, BRALEY, SHELDON, & RUGG, JJ.

*Sale. Evidence,* Materiality, In rebuttal. *Witness,* Cross-examination. *Practice, Civil,* Conduct of trial, Exceptions. *Estoppel.*

In an action for the price of goods sold, where on the undisputed evidence it appears that there was a completed sale and that the title to the goods passed to the defendant, and the only question is whether the price was payable in money or in goods, on which the evidence is conflicting, it is right for the presiding judge to refuse to instruct the jury that they must find for the defendant.

Where a party who has called the adverse party as a witness proceeds to cross-examine him, as permitted by R. L. c. 175, § 22, the regulation of the scope to be allowed in such cross-examination, as well as the order of evidence, is within the discretionary power of the presiding judge.

In an action for the price of goods sold and delivered, where there is no dispute as to the amount finally agreed upon by the parties as the price and the only question is whether that price was to be paid in money or in other goods, it is proper to exclude as immaterial evidence that the defendant offered to the plaintiff's broker or to other persons a price less than that which he ultimately agreed to pay.

In an action for the price of goods sold, where on the undisputed evidence it appears that the title to the goods had passed to the defendant and the only question on conflicting evidence is, whether the price was to be paid in money or in other goods to be selected by the plaintiff from the defendant's stock on hand, which the plaintiff had not done, if the presiding judge instructs the jury that if

the payment was to be made in merchandise the plaintiff cannot recover, the defendant cannot be harmed by the exclusion of evidence offered by him to prove the prices at which he was selling his own goods.

Where a plaintiff calls the defendant as a witness and cross-examines him as permitted by R. L. c. 175, § 22, this does not estop him from introducing evidence in rebuttal to contradict the testimony of the defendant which he elicited in the cross-examination.

CONTRACT upon an account annexed for $1,018.73 with interest from January 16, 1910, when payment was demanded, the account containing a single item for the sum named as the price of sixty-two bales of Grenoble walnuts, containing thirteen thousand five hundred and eighty-three pounds at seven and one half cents a pound.    Writ dated May 20, 1909.

The defendant's answer, after a general denial, contained the following: " And further answering the defendant denies that he bought the merchandise set out in the account annexed to the plaintiff's declaration, but says that it was a barter trade and that the plaintiff agreed to take from the defendant in exchange other merchandise to be selected by the plaintiff from the defendant's stock, and the defendant says that he is and has at all times been ready and willing to deliver to the plaintiff its selection and has so notified the plaintiff, but the plaintiff refuses to select and receive any merchandise in exchange and demands a cash payment."

In the Superior Court the case was tried before *Lawton*, J. The questions that arose as to the admissibility of evidence are described sufficiently in the opinion.   At the close of the plaintiff's evidence the defendant asked the judge to give certain instructions to the jury, of which the seventh was, " That upon all the evidence the plaintiff has not sustained the burden of proof and the jury must find for the defendant."   The second and fifth instructions requested by the defendant have been made immaterial by the decision of this court that they were given in substance.

The judge submitted the case to the jury, who returned a verdict for the plaintiff in the sum of $1,100.85.   The defendant alleged exceptions to the refusal of the judge to give the second, fifth and seventh instructions asked for by him, and to certain rulings as to the admission of evidence already referred to.

The case was submitted on briefs.

*H. J. Jaquith & C. S. Batt* (of New York), for the defendant.

*I. R. Clark & G. F. Ordway*, for the plaintiff.

BRALEY, J.   If, as contended by the defendant, the walnuts were to be paid for by furnishing to the plaintiff as it might call for them other goods of equivalent value in which he dealt, there was upon the undisputed evidence a completed sale.   Sales act, St. 1908, c. 237, § 9.   *Commonwealth* v. *Clark*, 14 Gray, 367, 372.   *Howard* v. *Harris*, 8 Allen, 297.   *Gallus* v. *Elmer*, 193 Mass. 106.   The title having passed, the only question as to liability was, whether on conflicting testimony the price was payable in money, with the burden of proof upon the plaintiff. The seventh request, therefore, was rightly refused, while the substance of the second and fifth requests were fully covered by the instructions.

Nor was there error in the admission or exclusion of evidence. By R. L. c. 175, § 22, "A party who calls the adverse party as a witness shall be allowed to cross-examine him," and the scope of the cross-examination of the defendant, as well as the order of proof, was within the discretion of the trial judge.   *Jennings* v. *Rooney*, 183 Mass. 577.   *Sullivan* v. *Fugazzi*, 193 Mass. 518, 521, and cases cited.   It also was wholly irrelevant whether the defendant offered to the plaintiff's broker or other persons a price less than that which he ultimately agreed to pay, as there was no dispute about the amount finally agreed upon by the parties.   The excluded offer to prove the prices at which the defendant was selling his own goods did not harm the defendant, as the jury were expressly instructed, that if payment was to be made in merchandise, as the defendant testified, the plaintiff could not recover.

If the exception had not been urged, it would seem unnecessary to say, that the evidence of the plaintiff's treasurer that he never accepted the defendant's proposition to take payment "in barter," was admissible in rebuttal.   The fact that the evidence to be rebutted had been elicited in the cross-examination of the defendant did not affect its admissibility.   *Emerson* v. *Wark*, 185 Mass. 427.   *Anderson* v. *Middlebrook*, 202 Mass. 506.

The exceptions accordingly must be overruled, and, it appearing that they are immaterial, the plaintiff's request for double

costs and interest at the rate of twelve per cent on the verdict from the time when the exceptions were allowed to the date of entering judgment should be granted.   R. L. c. 156, § 13.

*So ordered.*