THOMAS F. McCARTHY vs. LEON A. BECKWITH.

Hampden.   September 20, 1923. — October 10, 1923.

Present: RUGG, C.J., BRALEY, DeCOURCY, PIERCE, & CARROLL, JJ.

Way, Public: right of way. Motor Vehicle. Negligence, Motor vehicle, Contributory. Words, " Intersecting way."

The driver of a motor vehicle on a public way approaching another public way which from his right comes to but does not enter the first way, under G. L. c. 89, § 8, and the definition of " intersecting way " in G. L. c. 90, § 1, in the absence of a traffic officer has a right of way over the driver of another motor vehicle, approaching him on the same way and turning to enter the second way, if the two vehicles reach the point where the two ways join at approximately the same time; and, if the driver of the second vehicle does not concede such right of way and a collision occurs, his failure to do so is evidence of contributory negligence on his part.

TORT for damage to the plaintiff's automobile resulting from a collision with the automobile of the defendant. Writ dated June 2, 1921.

In the Superior Court, the action was tried before *Callahan*, J. Material evidence, requests by the defendant for rulings, and exceptions saved by the defendant are described in the opinion. There was a verdict for the plaintiff in the sum of $300. The defendant alleged exceptions.

*H. E. Allen*, (*W. W. Yerrall* with him,) for the defendant.

*M. D. Graves* & *H. A. Moran*, for the plaintiff, submitted a brief.

PIERCE, J. This is an action of tort for damages to the plaintiff's automobile sustained in a collision with the defendant's automobile, at the intersection of Berendo Street and Grenada Terrace, both being public streets in the city of Springfield. Grenada Terrace runs east and west. Berendo Street runs north and south to Grenada Terrace but does not enter it. Immediately before the collision, the plaintiff was driving east on the southerly side of the terrace, while the defendant was driving west on the northerly side of the terrace. As the cars approached the intersection of the street and terrace the plaintiff turned his car to the left

and north to go into Berendo Street. Meanwhile, at approximately the same instant, the defendant approached the intersection of the streets on the right of the plaintiff.

There was evidence from which the jury could find that the collision and the damage which resulted therefrom to the plaintiff's automobile were attributable to the negligence of the defendant. At the close of the evidence the defendant requested and the trial judge refused to give, subject to the defendant's duly saved exceptions, the following instructions:

" 1. If the plaintiff's car and the defendant's approached the intersection of Berendo Street and Grenada Terrace at approximately the same instant, the defendant was entitled to the right of way, and the plaintiff's failure to grant it to him amounted to contributory negligence and bars recovery by the plaintiff.

" 2. If the plaintiff's car and the defendant's approached the intersection of Berendo Street and Grenada Terrace at approximately the same instant, the defendant was entitled to the right of way, and the plaintiff's failure to grant it to him was evidence of contributory negligence."

The judge gave neither of these requests in form or substance. Other than upon the failure and refusal of the judge to rule as requested, no exceptions were taken to the charge.

G. L. c. 89, § 8, upon which the defendant relies, reads as follows: " Every driver of a motor or other vehicle approaching an intersecting way, as defined in section one of chapter ninety, shall grant the right of way, at the point of intersection to vehicles approaching from his right, provided that such vehicles are arriving at the point of intersection at approximately the same instant; except that whenever traffic officers are standing at such intersection they shall have the right to regulate traffic thereat." The first section of G. L. c. 90, contains this provision: " ' Intersecting way,' [shall mean] any way which joins another at an angle, whether or not it crosses the other." The plaintiff contends that this statute has no application in the case in question because the plaintiff and defendant were travelling on the

same street; that the statute is applicable only when vehicles are approaching each other from intersecting streets; and that this was the intention of the Legislature in framing the act.

We think the dangers and perils incident to the use of ways located in relation to each other as these ways were, which arise from the use of streets by motor vehicles, are as great as they would be if the street crossed the terrace. If Berendo Street crossed the terrace to the south and the plaintiff entered the street to drive to the north, under the statute, the plaintiff, in the absence of a traffic officer, would be obligated to give way to vehicles on his right approaching the intersection of that street with the terrace, if the vehicles on his right were arriving at the point of intersection at approximately the same time. We think the purpose of the statute, as shown by its terms and the intent of the Legislature in its enactment, covers the relative location of the streets described in the evidence. It follows that the second request of the defendant should have been given. *Newcomb* v. *Boston Protective Department,* 146 Mass. 596. *Conroy* v. *Mather,* 217 Mass. 91.

*Exceptions sustained.*