SAMUEL C. FRASER *vs.* MARY L. FLANDERS.

SAME *vs.* CATHERINE W. DUNN.

Suffolk.    December 12, 1923. — February 27, 1924.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Negligence,* Motor vehicle, In use of highway, Violation of law of the road, Proximate cause. *Proximate Cause. Law of the Road. Evidence,* Presumptions and burden of proof. *Joint Tortfeasor. Practice, Civil,* Discretionary ruling as to evidence, New Trial, Exceptions. *Witness,* Contradiction.

A traveler upon a highway who, while crossing a public street at an intersection of two streets, was struck by an automobile traveling on one of the streets, brought an action against the driver of that automobile and also against the driver of another automobile approaching the intersection of the streets on the other street.   The two actions were tried together.   There was evidence tending to show that the two automobiles were about to reach the intersection of the streets at the same instant; that the automobile which struck the plaintiff was approaching from the right of the second automobile, and that the driver of the first automobile, seeing that the driver of the second automobile was not going to grant the right of way, put on brakes, causing the car to swerve around and strike the plaintiff.   In the action against the driver of the automobile which struck the plaintiff, there was a verdict for the defendant.   In the action against the driver of the second automobile, there was a verdict for the plaintiff.   *Held,* that

(1) The driver of the automobile which struck the plaintiff had a right to assume that the driver of the second automobile would observe the provisions of G. L. c. 89, § 8, and grant the right of way at the point of intersection;

(2) It was not necessary that the plaintiff point out the exact way in which the accident occurred nor that he exclude the possibility that it might have happened in some other way than that in which he claimed;

(3) It could not be ruled as a matter of law that the jury on all the evidence would not be justified in finding that the accident would not have happened had the driver of the second automobile exercised ordinary care and obeyed the provisions of G. L. c. 89, § 8;

(4) Although, if both drivers were negligent, they might have been found jointly and severally responsible, the verdict for the driver of the automobile which struck the plaintiff was warranted.

At the trial of an action against the driver of an automobile for personal injuries, the plaintiff's attorney called as a witness the defendant's daughter, who was a passenger in the automobile, and, after she had

testified that she saw " the plaintiff as he was falling to the ground," asked her if she did not see the plaintiff hurled through the air for several feet and fall upon his face, to which she replied that she did not. He then asked her if she did not remember " talking with " a representative from his office four or five months after the accident, to which she replied that she did " not remember that." He then asked her whether she remembered saying at that time, " As I looked out of the window I saw a man . . . hurled through the air for several feet and fall ·upon his face," and also asked her whether she remembered ever saying that to any one at about that time, and the plaintiff offered to show that the witness did make such a statement. The judge excluded the questions. *Held,* that the exclusion of the questions was a proper exercise of judicial discretion.

Two ACTIONS OF TORT for personal injuries received when the plaintiff was crossing Newbury Street at the corner of Exeter Street in Boston and was run into by an automobile owned and operated by the defendant in the second action. Writs dated May 19, 1921, and March 18, 1921, respectively.

In the Superior Court, the actions were tried together before *Whiting,* J. It appeared that an automobile driven by the defendant Flanders was on Exeter Street approaching the intersection with Newbury Street as one driven by the defendant Dunn approached the intersection from the defendant Flanders' right; that the defendant Flanders was not going to grant the right of way; that the defendant Dunn, being of the opinion that the defendant Flanders was not going to grant the right of way, applied the brakes to her automobile, whereupon its rear end began to slip from side to side and then it turned at right angles to Newbury Street, swerved around and struck the plaintiff.

It appeared that in the car with the defendant in the first action was her daughter Frances Flanders, who was called by the plaintiff as a witness. Among other things, she testified that she saw " the plaintiff as he was falling to the ground." She then was asked by the plaintiff's attorney " if she did not see the plaintiff hurled through the air for several feet and fall upon his face." She testified that she did not. She then was asked if she did not remember " talking with " a representative from the office of the plaintiff's attorney four or five months after the accident, and replied, " No, I honestly do not remember that." She

also was asked, " Do you remember ever saying to anybody in March, 1921, or thereabouts, ' As I looked out the window I saw a man who was apparently facing Boylston Street hurled through the air for several feet and fall. upon his face '? " On objection by the attorneys for both defendants, the questions were excluded, the trial judge stating, " She says she doesn't remember conversing with him at all."

Other material evidence and requests by the defendant Flanders for rulings are described in the opinion. The plaintiff requested the following rulings in the second action:

" 1. There is no evidence that the plaintiff was negligent.

" 2. There is no evidence that the plaintiff was not in the exercise of due care."

" 7. If two persons are sued separately for causing injuries to the plaintiff and the jury are satisfied that the negligence of both defendants contributed to the causing of said injuries, the plaintiff is entitled to recover against both defendants."

" 13. If the jury are satisfied that the collision between the Flanders car and the car operated by the defendant caused the defendant's car to strike the plaintiff, and if they are further satisfied that the collision was caused by the negligence of the drivers of both cars, the plaintiff is entitled to recover from both defendants.

" 14. If the defendant failed to. blow her horn as she approached the Flanders car the jury may find that such failure was negligence."

" 17. If the defendant knew or in the exercise of reasonable care should have known that the plaintiff was in such a position that the sudden application of brakes on the defendant's car would be likely to cause said car to skid and hit the plaintiff, the sudden application of said brakes may be found to be negligence."

" 20. The fact that the car operated by the defendant collided with another automobile is evidence of negligence on the part of the defendant."

The rulings requested were refused. In the action against the defendant Flanders, there was a verdict for the plaintiff in the sum of $8,000. In the action against the defendant

Dunn, there was a verdict for the defendant. The trial judge reported the action against the defendant Flanders for determination by this court. In the action against the defendant Dunn, the plaintiff alleged exceptions.

*F. M. Ryder*, for the defendant Flanders.

*E. Field*, (*G. C. Thorpe* with him,) for the plaintiff.

*E. I. Taylor*, for the defendant Dunn.

BRALEY, J. These actions are in tort for personal injuries alleged to have been caused by the negligence of the respective defendants, and, having been tried together, the verdict in the first case was for the plaintiff, and in the second case for the defendant.

At the close of the evidence in the first case the defendant asked for the following rulings:

" 1. On all the evidence the plaintiff is not entitled to recover from the defendant Flanders.

" 2. On all the evidence the defendant Flanders had the right of way over the defendant Dunn and exercised it, and the law providing for precedence over the other at the intersection of a way has no application in this case.

" 3. On all the evidence the plaintiff Fraser is not entitled to recover from the defendant Flanders, if the jury find that the Flanders car had passed out of the path of the Dunn car before the Dunn car reached the intersection of the ways of the two cars.

" 4. On all the evidence the jury must find for the defendant Flanders, there being no evidence from which the jury could find that she operated the car in a negligent manner.

" 5. On all the evidence the jury must find for the defendant Flanders, there being no evidence that the collision between the Flanders and Dunn cars, which was subsequent to the contact between the Dunn car and the plaintiff Fraser, had anything to do with or contributed to the accident to the plaintiff Fraser.

" 6. On all the evidence the jury must find for the defendant Flanders, if the jury find that the defendant Dunn was operating her car approaching the intersection of the two streets at an excessive rate of speed."

The defendant excepted to the refusal of the judge to

grant the requests, and to such portions of the instructions as were inconsistent with them.

The plaintiff, a pedestrian, whose due care was for the jury under G. L. c. 231, § 85, was crossing Newbury Street along the easterly side of Exeter Street going in a southerly direction, which were intersecting highways in the city of Boston, when, as the jury could find, he was struck by an automobile and severely injured. The jury also would have been warranted in finding, that shortly before the accident, the automobile driven by the defendant Flanders, moving northerly along Exeter street, and the Dunn automobile, moving westerly along Newbury Street, were approaching at right angles. It appeared in the evidence of Mrs. Flanders, that she observed the Dunn car at a distance of about sixty-five feet from the place where the plaintiff was injured, and about sixty feet distant from the corner of Exeter and Newbury streets, while Mrs. Dunn testified that she saw the Flanders car, just at the time they were equally distant from the corner. It could be found that the cars were moving at about equal speed, and, in view of these conditions, the jury could say that in the exercise of ordinary prudence the respective drivers ought to have foreseen, that if the speed of either car was not slackened or its direction changed, the cars must ultimately come into collision. If the jury came to this conclusion, then Mrs. Dunn, as the judge properly instructed them, could rightly assume that Mrs. Flanders in operating her car would observe the provisions of G. L. c. 89, § 8, and c. 90, § 1, and grant the right of way at the point of intersection to the Dunn car which was approaching on her right. See *McCarthy* v. *Beckwith*, 246 Mass. 409.

The parties, travellers on a public way, were bound to exercise reasonable care to avoid injury to each other in their respective use of the street. *Hennessey* v. *Taylor*, 189 Mass. 583.

The plaintiff was not bound to point out the exact way in which the accident occurred, nor to exclude the possibility that it might have happened in some other manner than that which he claimed. *McNicholas* v. *New England Tele-*

*phone & Telegraph Co.* 196 Mass. 138, 141. It could be found that he had safely passed in front of the Dunn car, and that just before the collision, Mrs. Dunn had applied the brakes. But as she did so, the rear end of the car began to slip from side to side, the back of the car turned at right angles to Newbury Street, and swerved around sufficiently to strike the plaintiff, who was found after the accident about six feet from the rear of the car. The question also was for the jury whether the Flanders car had come in contact with the Dunn car, causing the Dunn car to move backwards, before the plaintiff had reached the southerly side of Newbury Street.

It is true the circumstances were unusual. But it was said by Rugg, J., in *Dulligan* v. *Barber Asphalt Paving Co.* 201 Mass. 227, 231, citing a number of our cases, " The particular manifestation of the result of careless conditions is not infrequently quite out of the usual experience, but if the conditions possess elements of negligence, the person responsible for them may also be held responsible for the result." While the train of events which brought· about the result was the active efficient cause of the plaintiff's injuries, the primary cause may be the proximate cause, although it may have operated through successive instruments. *Lynn Gas & Electric Co.* v. *Meriden Fire Ins. Co.* 158 Mass. 570, 575. The question of the defendant's negligence therefore was a question of fact.

It cannot be held as matter of law, that the jury on all the evidence would not be justified in finding, that the accident would not have happened if Mrs. Flanders had exercised ordinary care, and had obeyed the statute. *Finnegan* v. *Winslow Skate Manuf. Co.* 189 Mass. 580. *Hanley* v. *Boston Elevated Railway,* 201 Mass. 55. The requests in so far as not given were denied rightly, and the instructions were full, clear and accurate.

In the second case it is contended that the defendant is liable as a joint tortfeasor. Doubtless, where two or more wrongdoers negligently and concurrently contribute to the personal injury of another, they may be found jointly and severally responsible. *Feneff* v. *Boston & Maine Railroad,*

196 Mass. 575, 581. The plaintiff's seventh and thirteenth requests, however, which asked for rulings in accordance with this general principle, while refused in terms, were amply covered by the instructions, and no ground for reversal is shown.

The plaintiff called Frances Flanders, a daughter of Mrs. Flanders who was riding with her at the time of the collision, who, after narrating what she had observed, was asked, if she had not made statements inconsistent with her evidence, coupled with an offer of proof showing such statements. The exclusion of the question presents no error of law. *Cobb, Bates & Yerxa Co.* v. *Hills,* 208 Mass. 270, 272. *Old Colony Trust Co.* v. *Wallace,* 212 Mass. 335. *Aldrich* v. *Aldrich,* 215 Mass. 164, 168, 169.

The exceptions to the denial of the motion for a new trial are without merit. *Lopes* v. *Connolly,* 210 Mass. 487, 495, 496.

The result is, that the entry in the first case must be, judgment for the plaintiff on the verdict, and in the second case the exceptions are overruled.

*So ordered.*