ELSIE EAMMES *vs.* HYMAN CAPLAN.

VIVIAN LANDERS *vs.* SAME.

Suffolk.   February 24, 1925. — April 18, 1925.

Present: RUGG, C.J., BRALEY, CROSBY, WAIT, & SANDERSON, JJ.

*Negligence,* In use of highway.

At the trial of an action of tort for personal injuries, it appeared that the plaintiff, a woman, was run into by a bus, alleged to have been driven by the defendant's employee, as she was crossing Bromfield Street in Boston at its junction with Tremont Street. There was evidence tend-

ing to show that when the plaintiff started to cross there was at her left a line of vehicles stopped by the traffic officer at the entrance to Tremont Street and that she followed other foot passengers and started to cross in front of the vehicles; that when she was in front of the vehicles, the traffic officer blew his whistle and signaled for traffic on Tremont Street to stop, but did not signal for traffic on Bromfield street to proceed; that the bus came from the left of the vehicles standing on Bromfield Street without warning and at a rate of ten or fifteen miles per hour, and struck the plaintiff. *Held,* that

(1) There was evidence that the plaintiff was in the exercise of due care;

(2) There was evidence that the driver of the defendant was negligent. At the trial of the action above described, there was evidence that there were passengers in the bus, and that the police department of Boston had issued a permit for parking purposes for a bus bearing its registration number to a firm of the name under which the defendant, by an admission made in the action under Rule 37, had admitted that he was doing business. *Held,* that

(1) There was evidence that the defendant was in control of the bus;

(2) There was evidence that the driver of the bus was in the defendant's employ and acting within the scope of his employment.

Two ACTIONS OF TORT against "Hyman Caplan, doing business under the name and style of Boston Sight Seeing Company," for personal injuries received when the plaintiffs on September 12, 1921, were run into by a bus alleged to have been operated negligently. Writs dated October 16, 1921.

· In the Superior Court, the actions were tried together before *Broadhurst,* J. It appeared that under Rule 37 of the Superior Court (1923), the plaintiffs had given notice to the defendant to admit or to deny the following facts:

"1. On September 12, 1921, the defendant was doing business under the name and style of Boston Sight Seeing Company.

"2. On September 12, 1921, the defendant was operating sight seeing buses in the city of Boston.

"3. On September 12, 1921, the defendant was operating a sight seeing bus in the city of Boston.

"4. On September 12, 1921, at about 11:30 A.M. a sight seeing bus, controlled by the defendant, was being operated at or near the intersection of Bromfield and Tremont Streets in the city of Boston. ·

"5. On September 12, 1921, at about 11:30 A.M. at or

near the intersection of Bromfield and Tremont Streets in the city of Boston, the plaintiff was struck by a sight seeing bus or automobile controlled or operated by the defendant or on his behalf."

In answer thereto, the defendant filed the following:

"1. The defendant admits that on September 12, 1921, he was doing business under the name and style of Boston Sight Seeing Company.

"2. On September 12, 1921, the defendant was not operating sight seeing buses in the city of Boston.

"3. On September 12, 1921, the defendant was not operating a sight seeing bus in the city of Boston.

"4. On September 12, 1921, at about 11.30 A.M. no sight seeing bus, controlled by the defendant, was being operated at or near the intersection of Bromfield and Tremont Street in the city of Boston.

"5. On September 12, 1921, at about 11.30 A.M. at or near the intersection of Bromfield and Tremont Streets in the city of Boston the plaintiff was not struck by a sight seeing bus or automobile controlled or operated by the defendant or on his behalf."

Evidence of the plaintiffs tended to show that they were struck by a "Gray Line" bus bearing the 1921 registration number 109,439; that in 1921 a permit was given by the Boston police department to Boston Sight Seeing Company for the parking of its bus, which was designated in the permit by the registration number 109,439, and that on October 1, 1920, the defendant had filed a notice with the city clerk of Boston under Sts. 1907, c. 539; 1908, c. 316, that he was doing business as "Boston Sight-Seeing Co." at 184 Boylston Street in Boston.

Other material evidence is described in the opinion. At the close of the evidence, the defendant moved that a verdict be ordered in his favor. The motion was denied. There was a verdict for each plaintiff in the sum of $300. The defendant alleged exceptions.

The cases were submitted on briefs.

*S. Sigilman,* for the defendant.

*G. R. Farnum & H. E. Ehrlich,* for the plaintiff.

BRALEY, J.    These actions of tort for personal injuries were tried together, and, the plaintiffs having prevailed, the defendants contend that the verdicts should be set aside because there was no evidence of their due care, or of his negligence.

The accident happened in broad daylight at the intersection of Bromfield and Tremont streets in the city of Boston. The plaintiffs, who were pedestrians, on their way from School Street on the left hand side of Tremont Street to a point beyond Bromfield Street, had reached the cross walk on Bromfield Street, where they noticed that pedestrians were passing over the cross walk and that motor cars were moving on Tremont Street under the direction of a traffic officer.    While the cars were moving on Tremont Street, the plaintiffs, observing these conditions, believed that it was safe to pass across Bromfield Street, and, following other pedestrians, they had reached the front of the line of cars standing in Bromfield Street when the traffic officer blew his whistle, and "his hands were both out," to stop the traffic on Tremont Street, but no signal had been given for the cars in Bromfield Street to move into Tremont Street.    But, just as the plaintiffs passed in front of the cars in Bromfield Street which had not started, the defendant's "sight seeing bus" carrying passengers came by on the left hand side of those cars, striking and injuring the plaintiffs.    There was evidence, and the jury could find, that the omnibus was running between ten and fifteen miles an hour, and that, without any warning of its approach being given, and without stopping it turned to the left into Tremont Street.

The plaintiffs were lawfully on the cross walk, and the question of their due care under the conditions just described was for the jury.    *Hennessey* v. *Taylor,* 189 Mass. 583, 585.

The defendant admitted ownership of the omnibus, and there was evidence on which it could be found that the chauffeur in charge was acting within the scope of his employment. *Heywood* v. *Ogasapian,* 224 Mass. 203.    *Breen* v. *Dedham Water Co.* 241 Mass. 217.

It was the duty of the chauffeur upon approaching pedestrians who were on a travelled part of the street to slow down

and give a timely signal with his bell, horn or other device for signalling. He also was required on approaching a crossing of ways to slow down, and keep to the right of the intersection of the center of both ways when turning to the right, and to pass to the right of the intersection of the center of the ways before turning to the left. G. L. c. 89, § 8. Violation of any of these provisions was evidence for the jury of the defendant's negligence. *Finnegan* v. *Winslow Skate Manuf. Co.* 189 Mass. 580, 582. *Trombley* v. *Stevens Duryea Co.* 206 Mass. 516. *Walters* v. *Davis*, 237 Mass. 206. *Frazer* v. *Flanders*, 248 Mass. 62.

The judge rightly denied the motion for a directed verdict and in each case the entry must be,

*Exceptions overruled.*