### BERNARD MORAN *vs.* PROSPER BRODEUR.

Worcester.    September 27, 1927. — October 15, 1927.

Present: BRALEY, CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Negligence*, In use of highway, Contributory.

It is proper to submit to a jury an action of tort for personal injuries where there was evidence that the plaintiff, about to cross a street in a city, looked up and down the street and, seeing that it was clear for what might be found to be a reasonable distance, started to cross, and that, when partly over, he was struck and injured by an automobile owned, registered and driven without a license by the defendant; and it could not be ruled as a matter of law that the plaintiff was guilty of contributory negligence.

TORT for personal injuries.    Writ dated July 17, 1925.

In the Superior Court, the action was tried before *O'Connell*, J.    The judge, at the close of the evidence, denied a motion that a verdict be ordered for the defendant.    There was a verdict for the plaintiff in the sum of $2,362.    The defendant alleged exceptions.

*J. C. McDonald*, for the defendant.

*R. B. Dodge*, for the plaintiff.

BRALEY, J.    The defendant's motion for a directed verdict was denied rightly.    The jury on conflicting evidence could warrantably find the following facts: The plaintiff and defendant were employees of the Osgood Bradley Car Company, whose works were located in the city of Worcester on the westerly side of West Boylston Street.    The entrance thereto was 647 feet southerly of the junction of West Boylston Street, which runs north and south, and Hastings Road which conjoins with, but does not cross it, on the east.    The plaintiff left the works about five o'clock in the afternoon, walked northerly on the westerly side of West Boylston Street to a point nearly opposite the junction of Hastings Road and, as he was about to cross West Boylston Street, looked up and down the street and, seeing that the street was clear for a reasonable distance, started to cross; when partly

over he was struck and injured by an automobile owned, registered and driven without a license by the defendant. It is contended as matter of law that the plaintiff was guilty of contributory negligence. This question, however, was one of fact for the jury under suitable instruction which, in the absence of any statement to the contrary in the record, it must be presumed were given. *Hennessey* v. *Taylor*, 189 Mass. 583. *Eammes* v. *Caplan*, 252 Mass. 205.

*Exceptions overruled.*