*Northern District*

No. 7074

**RUTH POIRIER**

v.

**ANNA E. CANNATA**

**and**

**JOSEPH F. CANNATA**

Argued: May 21, 1969          Decided: July 28, 1969

Case tried to *King, J.* in the Municipal Court of the Dorchester District          No. 25400.

*Present:* Brooks, P.J., Connolly, Yesley, JJ.

*Brooks, P.J.   This is an *action of tort* for personal injuries and property damage resulting from the negligent acts of defendant, his agent or servant. Defendant answered by

way of general denial contributory negligence and violation of law.

*There was evidence at the trial as follows:*

On *August 6, 1965* at 8:30 A.M. plaintiff was walking her pet chihuahua on a leash on River Terrace, Mattapan. She stopped at the intersection of River Terrace and River Street at the north curb of River Terrace and at the crosswalk for River Street. She looked both ways, she saw nothing in the road, nor heard anything.

Plaintiff stepped off the curb, within the crosswalk, the dog on the leash three to four feet in front of her. She was about ten feet from the curb when she saw defendant's car coming from her left. She tried to pull the dog back, but in a split second the right front fender of the defendant's car hit the dog. When the dog was hit, the leash pulled plaintiff toward the car and she struck her left wrist on the right side of the car. She fell forward, but did not fall to the ground.

After the accident, plaintiff spoke with the defendant who said he was late for work and in a hurry.

At the conclusion of plaintiff's evidence, defendant rested.

At the conclusion of the evidence, defendant duly filed requests for rulings as follows:

1. The evidence does not warrant a finding that the defendant, his agent or servant was negligent.

2. The evidence does not warrant a finding other than that the negligence of the plaintiff contributed in whole or in part to cause the alleged injuries and damage.

4. As a matter of law the defendant breached no legal duty owed by him to the plaintiff.

The court denied defendant's requests ##1, 2 and 4 and found for plaintiff on Counts 1 and 2 in the amount of $2,275.00, also for the plaintiff on Counts 3 and 4 in the amount of $1,183.00.

Defendant claims to be aggrieved by the denial of requests #1, 2 and 4 and the finding for the plaintiff.

The report contains all the evidence material to the issues presented.

Defendant's requests for rulings raise two questions, the negligence of defendant and the due care of plaintiff. The burden is on plaintiff to prove defendant's negligence. The burden is on defendant to rebut the assumption that plaintiff was in the exercise of due care.

Defendant rested at the conclusion of plaintiff's testimony. This, coupled with the failure of both attorneys to elicit from plaintiff certain pertinent facts which would have been helpful to the trial court, leaves us uninformed about important aspects of the case such as the speed of the automobile, the distance it travelled after the accident, whether plaintiff's view of defendant's car was obstructed, whether defendant came around the curve or from a nearby side street. In other words, the evidence as to defendant's negligence and plaintiff's due care is meager.

The courts have held, _1._ that it does not

follow because a plaintiff failed to perceive what might have been visible to him that he is necessarily lacking in due care; 2. that the question of plaintiff's due care is usually for the jury. For instance, in the case of *Barrett v. Checker Taxi Company,* 263 Mass. 252 the issue was the correctness of the presiding judge in denying a motion for a defendant verdict. Plaintiff was crossing Commonwealth Avenue in Boston when struck by defendant's taxicab. Plaintiff started from the sidewalk after looking in both directions and seeing no cars approaching. She reached and crossed the grass reservation, looked again and saw no approaching vehicles. She walked three or four steps and when about ten feet from the reservation, she was struck by defendant's automobile. The street was well lighted and she could see to her left, the direction from which the taxicab came, several hundred feet.

The court said:

"The plaintiff might be found to be in the exercise of due care even though she did not see the approaching automobile when she looked. *French* v. *Mooar,* 226 Mass. 173. *Kaminski* v. *Fournier* , 235 Mass. 51. *Davicki* v. *Flanagan,* 250 Mass. 379. It was for the jury to say how far away the automobile was when the plaintiff said she looked, and whether negligent conduct on her part in looking or in any other matter was a contributing cause of the accident. The mark observed in the street caused by the defendant's automobile and the effect of the contact of the automobile with the plaintiff had some tendency to show its speed, and the jury could have inferred that in its operation the chauffeur was negligent."

See also *Tookmanian* v. *Fanning,* 308 Mass.

162, 166, 167. *Sadak* v. *Tucker,* 310 Mass. 153, 157.

As to the proof of defendant's negligence, the only evidence of this is the chance phrase that "he was late for work and in a hurry". From that admission it could be inferred that he was going too fast for the location, recalling specifically that plaintiff was on a crosswalk. *Eammes* v. *Caplan,* 252 Mass. 205, 208, 209. There, also, plaintiff was on a crosswalk. The court said:

> "It was the duty of the chauffeur upon approaching pedestrians who were on a travelled part of the street to slow down and give a timely signal with his bell, horn or other device for signaling. He also was required on approaching a crossing of ways to slow down, and keep to the right of the intersection of the center of both ways when turning to the right, and to pass to the right of the intersection of the center of the ways before turning to the left. G.L. c. 89, §8. Violation of any of these provisions was evidence for the jury of the defendant's negligence."

It is quite conceivable that defendant's speed enabled him to cover considerable ground in a short time, which could explain plaintiff's failure to notice him, also defendant's failure to see plaintiff.

On this somewhat tenuous thread, which is however more than a "scintilla", we are constrained to sustain the finding of the trial court.

*Report dismissed.*

JOSEPH GARGAN
  For Plaintiff
ROBERT MCCARTHY
  For Defendant